MARY E. MAITLAND, RESPONDENT, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF GARFIELD, APPELLANT.

Submitted March 24, 1919—Decided June 20, 1919.

The widow or children of a police officer or policeman who has died or shall die as the direct result of any injury received, or sickness or illness contracted or incurred while in the performance, or attempted performance, of actual duty, are entitled to receive a pension, as provided for in *Pamph. L.* 1911, *p.* 104, § 4.

On appeal from the Supreme Court.

For the appellant, *Mackay & Mackay.*

For the respondent, *Weinberger & Weinberger.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.    The plaintiff sued the defendant for an installment of pension due to her as the widow of a police officer of the city of Garfield, which, she alleged, accrued to her by reason of his having lost his life in the performance of his duty. The act under which she sued is one for the pensioning of police officers and policemen in certain municipalities (*Pamph. L.* 1911, *p.* 104, § 4), which reads as follows:

"The widow or children of any member of such police force who shall have lost his life in the performance of his duty shall, so long as such widow remains unmarried or so long as such children or any of them remain under the age of sixteen years, receive a pension equal to one-half of the amount of the salary of such member of said police force at the time of his death; *provided, however,* that if such police officer leaves a widow and children, said pension shall be paid to the widow so long as she remains unmarried, and in case such member of said police force shall leave children and no widow, then such pension shall be paid to such of said children who have not attained the age of sixteen years, in equal shares."

John Maitland, whose widow is the plaintiff-respondent, was a member of the police force of the city of Garfield for several years. On October 22d, 1917, he was not feeling well when he went on duty. His wife testified that the last night he went to work was foggy, damp and blustery. He came home at four o'clock in the morning sick, having taken a chill on his beat. Dr. Reed, the physician who attended him, said he had a bad cold—a grippe condition; and after twenty-four hours it developed into pneumonia, and he died.

The legislature passed a supplement to the above-mentioned act in 1916 (*Pamph. L., p.* 298), but the supplement does not apply in the case at bar, and therefore will not be considered.

There was an earlier police pension act which provided for a pension to the widow of an officer who had lost his life in the performance of duty. This act was passed on May 2d, 1885. It was supplemented by an act of April 3d, 1902. By *Pamph. L.* 1907, *p.* 402, an explanatory act, it was recited that doubts had arisen as to the true meaning of the words "who shall have lost his life in the performance of duty," in the earlier act, and it was enacted that those words in the act should be interpreted to mean, and be construed to apply to, the case of any officer or man who died or should die, as the direct result of any injury received, or sickness or illness contracted, or incurred, while in the performance of actual duty, or the attempted performance of actual duty.

This is the only rational meaning to apply to the same language in the act of 1911, under which this suit was brought; and the legislature's interpretation of its own language should be adopted.

As there was evidence tending to show that the deceased contracted a cold, resulting in pneumonia and death, while in the attempted, if not actual, performance of his duty, the court rightly refused to nonsuit or direct a verdict for defendant. Nor was there any error in the part of the charge excepted to, which was, that if the jury were satisfied that the disease which resulted in Maitland's death was contracted by him while he was in the performance of his duty, then his widow was entitled to recover.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.